UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SYLVIA ACHORD | * | |
|     Plaintiff | * | CASE NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL | * | MAGISTRATE |
| | * | |
| | * | A JURY IS DEMANDED |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:    The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, **DG LOUISIANA, LLC** (incorrectly styled "Dolgencorp, LLC" and hereinafter "Defendant"), respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore shows as follows.

1.

On the 17th day of April, 2017, the attached Petition was filed in 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, entitled *Sylvia Achord v. Dolgencorp,*

*LLC d/b/a Dollar General*, bearing case number 2017-0001093.[1]  Defendant was served with the lawsuit on April 25, 2017.

2.

Plaintiff's Petition alleges personal injuries as a result of an incident on May 15, 2016, at the Dollar General store located at 43237 Pumpkin Center Road, Hammond, Louisiana, where she alleges she slipped and fell in shattered glass and nail polish.[2] Plaintiff claims that as a result of the alleged incident, she "sustained permanent and severe injuries including but not limited to, injuries to her lower back requiring a surgical procedure."[3]  Plaintiff averred that the "amount in controversy exceeds $50,000 exclusive of interest and costs."[4]

3.

Plaintiff's Petition did not specify an amount of damages sought, which is required under Louisiana law. The Fifth Circuit Court of Appeals has established the framework for resolving jurisdictional disputes where no specific amount of damages is asserted in the Petition.[5] The removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[6] The defendant may make this showing in two ways: (1) by

---

[1] *See* Exhibit "A" (Petition for Damages).
[2] *See* Exhibit "A" (Petition for Damages).
[3] *See* Exhibit "A" (Petition for Damages).
[4] *See* Exhibit "A" (Petition for Damages).
[5] *James v. Home Depot USA, Inc.*, 2002 WL 1453824 at *1 (E.D. La. 2002) (*citing Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)).
[6] *Id.*

demonstrating that it is "facially apparent" that the claims are likely in excess of $75,000, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."[7] In this case, it is facially apparent that the claim exceeds $75,000 because 1) plaintiff alleges her injuries have required a back surgery, and 2) plaintiff alleges her damages exceed $50,000."

4.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

A. The properly joined parties to this action are completely diverse:

1. Plaintiff, Sylvia Achord, is a person of full age of majority and a domiciliary of the Parish of Tangipahoa, State of Louisiana;[8] and

2. DG Louisiana, LLC, is a single member limited liability company whose sole member is Dolgencorp, LLC, whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee.

3.

B. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff's Petition alleges damages in excess of $50,000.[9]

---

[7] *Id.*
[8] *See* Exhibit "A" (Petition for Damages).
[9] *See* Exhibit "A" (Petition for Damages).

Further, in her Petition, plaintiff alleges that she "sustained permanent and severe injuries including but not limited to, injuries to her lower back requiring a surgical procedure."[10]  Further, in response to Requests for Admission propounded by defendant, plaintiff's counsel responded that, "Ms. Achord has several hundred (sic) dollars of medicals.  Damages claimed exceed $75K.  Remove it if you want."[11]  Thereafter, plaintiff's counsel produced a bill from Cypress Pointe Surgical Hospital with current charges of $217,945.60.[12]

5.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

6.

The 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

---

[10] *See* Exhibit "A" (Petition for Damages).
[11] *See* Exhibit "B" (E-mail from plaintiff's counsel in response to Requests for Admission).
[12] See Exhibit "C" (Billing record from Cypress Point Surgical Hospital produced by plaintiff's counsel).

7.

Defendants pray for a jury trial on all issues.

**WHEREFORE**, removing Defendants, DG Louisiana, LLC, Dolgencorp, LLC, and Dollar General Corporation pray that the above action now pending in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, be removed therefrom to this Honorable Court. Defendants additionally pray for a jury trial on all issues.

Respectfully submitted,

 /s/ Trevor C. Davies
PETER J. WANEK (23353)
TREVOR C. DAVIES (32846)
KATHRYN T. TREW (34116)
McCRANIE, SISTRUNK, ANZELMO,
 HARDY, McDANIEL & WELCH, LLC
909 Poydras Street, Suite 1000
New Orleans, LA  70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
ATTORNEYS FOR DEFENDANT
DG LOUISIANA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed, and/or by electronic mail this 12th day of May, 2017.

 /s/ Trevor C. Davies