# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SYLVIA ACHORD                                           CIVIL ACTION

VERSUS                                                  NO: 17-4910

DOLGENCORP, LLC                                         SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Doc. 13). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This personal injury suit arises out of Plaintiff Sylvia Achord's claim that she slipped and fell on a broken bottle of nail polish at a Dollar General store in Hammond, Louisiana on May 15, 2016. Achord initially filed suit against Defendant DG Louisiana, LLC ("Dollar General") in Louisiana's 21st Judicial District Court in Tagipahoa Parish.[1] Dollar General removed the suit to this Court on diversity grounds on May 12, 2017.

---

[1] The petition incorrectly named Defendant as Dolgencorp, LLC. Doc. 1-1. Defendant owns the Dollar General store in Hammond where the incident underlying this suit occurred. Doc. 1.

On June 4, 2018, Dollar General moved for summary judgment, arguing that Plaintiff has presented insufficient evidence of her claim to carry her burden of proof. Plaintiff opposes.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[3] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[5] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the

---

[2] FED. R. CIV. P. 56.
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Id. at 248.
[5] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[6] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[8] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[9] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[10]

## LAW AND ANALYSIS

Louisiana Revised Statutes 9:2800.6 provides a negligence cause of action to people who suffer an injury in a business because of an unsafe condition at the business.[11] Subsection B of the statute sets forth the elements a plaintiff must prove to succeed on her claim.[12] The statute provides:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup

---

[8] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[9] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[10] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[11] LA. REV. STAT. § 9:2800.6.
[12] Id. § 9:2800.6(B).

or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[13]

The parties do not dispute that Dollar General is a merchant as defined by the statute and that Achord was lawfully at the store on the day she slipped. Achord testified that she slipped because of a condition existing on the premises—a broken bottle of spilled nail polish in an aisle at the store.[14] An Incident Report completed by James Fuller, the store's assistant manager on duty the day of the slip, supports Achord's testimony.[15]

Pieces of broken glass and nail polish each present slip hazards on their own. Broken glass sitting *in* nail polish presents an especially hazardous situation. This Court finds that when considered in the light most favorable to Plaintiff, a broken bottle of spilled nail polish constitutes an unreasonable risk of harm.[16] Similarly, the risk of harm presented by broken glass and spilled nail polish is reasonably foreseeable.[17]

This Court also finds that Achord has presented sufficient evidence to show a genuine dispute of material fact about whether Dollar General had constructive notice of the hazard prior to Achord's fall. Under Louisiana Revised Statutes 9:2800.6(C)(1), "'[c]onstructive notice' means the claimant has proven that the condition existed for such a period of time that it would

---

[13] *Id.* § 9:2800.6(B).

[14] Doc. 15-3 at 3.

[15] Doc. 15-7.

[16] *See* Boutte v. Winn-Dixie Louisiana, Inc., 674 So. 2d 299, 302 (La. App. 3 Cir. 1996) (noting that "[i]n the context of slip and fall cases, a hazard is shown to exist when the fall results from a foreign substance on the floor or from an otherwise unreasonably slippery condition"); Jones v. Super One Foods/Brookshires Grocery Co., 774 So. 2d 200, 206 (La. App. 2 Cir. 2000) (finding no manifest error in trial court's ruling that wet area constituted an unreasonable risk of harm).

[17] *See Boutte*, 674 So. 2d at 302–03 ("[T]he risk of harm created by [a foreign substance on the floor or from an otherwise unreasonably slippery condition] in a high traffic self-service supermarket is clearly foreseeable to the merchant.").

have been discovered if the merchant had exercised reasonable care." Constructive notice may be shown by circumstantial evidence.[18]

Here, Sarah Thornton, a cashier at the Dollar General on the day of Achord's fall, testified that "[s]omebody said they smelled nail polish. But I guess somebody ignored it because I was really busy."[19] Fuller, the store's assistant manager, testified that the nail polish "had to have been there for at least long enough for it to receive a topcoat drying" because he needed a razor blade attached to a pole to scrape the polish off the floor.[20] It can be inferred from their testimony that the spill sat on the floor long enough to give Dollar General constructive notice of the hazard.

This Court similarly finds that Plaintiff has presented sufficient evidence to create a genuine dispute of material fact about whether Dollar General exercised reasonable care on the day Achord slipped. When discussing the store's general appearance on the day she slipped, Achord testified that "[e]verything was just pushed in every which way" and that the store "wasn't too well managed."[21] Testimony by Fuller and Thornton supports Achord's assertion that the store was not well managed.[22] Poor management is not reasonable care.

---

[18] *See* Bassett v. Toys "R" Us Delaware, Inc., 836 So. 2d 465, 469 (La. App. 2 Cir. 2002) ("[T]he factfinder can reasonably infer from circumstantial evidence that it is more probable than not that the condition existed for such time prior to the accident that it should have been discovered and corrected.") (citing Broussard v. Wal-Mart Stores, Inc., 741 So. 2d 65,70 (La. App. 3 Cir. 1999)); Sheffie v. Wal-Mart Louisiana LLC, 134 So. 3d 80, 84, (La. App. 5 Cir. 2014) (reversing trial court's grant of summary judgment for defendant because circumstantial evidence supported plaintiff's claim that water existed on floor long enough prior to fall for constructive notice to exist).

[19] Doc. 15-5 at 3.

[20] Doc. 15-2 at 19, 24. The Court recognizes that Fuller does not recall exactly what day he scraped nail polish off the store's floor. But considering the evidence in the light most favorable to the plaintiff, it is reasonable to infer that his cleanup effort occurred on the same day Achord slipped in the store.

[21] Doc. 15-3 at 4–5.

[22] *See* Doc. 15-2 at 11–12; Doc 15-3 at 4.

Therefore, Achord has presented enough evidence to create at least a genuine dispute of material fact as to the essential elements of her claim.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 19th day of December, 2018.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**